FILED

**NOT FOR PUBLICATION**

MAR 21 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONE STAR SECURITY AND VIDEO, INC., a California corporation, | No. 12-56333 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02113-ODW-FMO |
| v. | |
| CITY OF LOS ANGELES, CITY OF SANTA CLARITA, CITY OF RANCHO CUCAMONGA, and CITY OF LOMA LINDA, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted March 8, 2013
Pasadena, California

_____

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PAEZ and WATFORD, Circuit Judges, and CONLON, District Judge.[**]

Plaintiff Lone Star Security and Video, Inc. ("Lone Star") appeals from the district court's denial of its motion for a preliminary injunction in this First Amendment challenge to municipal ordinances regulating mobile billboards. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion the district court's denial of a preliminary injunction. *Melendres v. Arpaio*, 695 F.3d 990, 999 (9th Cir. 2012). We affirm.

The district court concluded that Lone Star failed to demonstrate a likelihood of success on the merits. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

The ordinances at issue are content neutral because they do not "distinguish favored speech from disfavored speech on the basis of the ideas or views expressed." *Reed v. Town of Gilbert, Ariz.*, 587 F.3d 966, 977 (9th Cir. 2009) (quotation marks and citation omitted). Instead, the ordinances merely distinguish

[**] The Honorable Suzanne B. Conlon, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

between vehicles whose primary purpose is advertising and those that have a different primary purpose, such as carrying passengers or transporting cargo. In determining whether a vehicle's primary purpose is advertising, the enforcing officer need only decide whether the vehicle's primary purpose is to display a billboard or sign to the public. *See, e.g.*, *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 57 (2d Cir. 2002) ("The ordinary understanding of . . . 'advertising' . . . connotes activity designed to disseminate information to the public."); *Hyman v. Nationwide Mut. Fire Ins. Co.*, 304 F.3d 1179, 1188 (11th Cir. 2002) ("[A]s it is commonly understood, advertising means the 'action of calling something to the attention of the public.'" (citation omitted)); *Showing Animals Respect and Kindness v. City of West Hollywood*, 83 Cal. Rptr. 3d 134, 138 (Cal. Ct. App. 2008) ("The definition of 'advertise' is more general: 'to make something known to[;] ... to make publicly and generally known[;] ... to announce publicly . . . .'" (citation omitted) (alterations in original)). The content of any message conveyed by the billboard is irrelevant—indeed, a regulated vehicle bearing a blank billboard could conceivably violate the ordinances. In any event, we need not decide the precise scope of the ordinances, because for present purposes our conclusion that a display of any message falls within the definition of "advertising" is sufficient to find the ordinances content neutral.

3

For the reasons articulated by the district court, the ordinances likely meet the remaining requirements of the "time, place, and manner" test. *See Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 945 (9th Cir. 2011) (en banc), *cert. denied*, 132 S. Ct. 1566 (2012) ("[T]he government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." (quotation marks and citation omitted)). In particular, the ordinances leave open ample alternative forms of vehicular advertising, such as the display of signs on buses, taxis, and delivery vehicles. There is a significant government interest, moreover, in regulating a mode of advertising that may obstruct traffic and parking, may endanger pedestrians, and may constitute blight. Accordingly, the district court did not abuse its discretion in denying Lone Star's request for preliminary injunctive relief.

**AFFIRMED.**